ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (ST. BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOARD OF TRUSTEES OF THE WESTERN STATES ASBESTOS PENSION FUND, WESTERN STATES ASBESTOS HEALTH PLAN; RON HOBBS, TRUSTEE,**<br><br>　　　　　　**Plaintiffs,**<br><br>　　vs.<br><br>**RM MECHANICAL, INC., a corporation**<br><br>　　　　　　**Defendant.** | NO. C 07 2787 SI<br><br>COMPLAINT |

　　　　Plaintiffs complain of defendant and for a cause of action alleges that:

　　　　1.　Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947.  This action is also brought pursuant to the Federal

COMPLAINT
1

1  Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual
2  controversy between plaintiffs and defendant, and for a Judgment that
3  defendant pay fringe benefit contributions in accordance with its
4  contractual obligations.
5         2.   Plaintiffs Boards of Trustees of the Trust Funds named
6  in the caption (hereinafter "Trust Funds") are trustees of employee
7  benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of
8  ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer
9  plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C.
10 §§1002(37) and §1145.  Plaintiff Ron Hobbs is a Trustee. Said Trust
11 Funds are authorized to maintain suit as independent legal entities
12 under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).
13        3.   Plaintiffs are informed and believe and thereupon
14 allege that defendant, RM MECHANICAL, INC., resides and does business
15 in Boise, Idaho.  Performance of the obligations to pay fringe
16 benefits set forth in the collective bargaining agreement is in this
17 judicial district. ERISA specifically authorizes Trust Funds to bring
18 this action in the district where the plans are administered, 29
19 U.S.C. §1132(e)(2); the plans are administered in the Northern
20 District of California.
21        4.   Each and every defendant herein is the agent of each
22 and every other defendant herein.  Defendants and each of them are
23 engaged in commerce or in an industry affecting commerce.
24        5.   At all times pertinent hereto defendant was bound by
25 a written collective bargaining agreement with International
26 Association of Heat & Frost Insulators and Asbestos Workers No. 69,
27 a labor organization in an industry affecting commerce. The aforesaid
28 agreement provide that defendant shall make contributions to the TRUST

1 FUNDS, on behalf of defendant's employees on a regular basis on all
2 hours worked, and that defendant shall be bound to abide by all
3 the provisions of the respective Trust Agreements and Declarations of
4 Trust of said TRUST FUNDS (hereinafter the "Trust Agreements").

5   6.   The Trust Funds rely upon a self reporting system.
6 Defendant has unique knowledge of the amounts of contributions that
7 it is liable to pay each month, and has a fiduciary obligation to
8 accurately report the amount to the Trust Funds.

9   7.   Defendant has breached both the provisions of the
10 collective bargaining agreement and Trust Agreements referred to above
11 by failing to complete and send in monthly reports and/or to pay
12 moneys due thereunder on behalf of defendant's employees to the TRUST
13 FUNDS.  Said breach constitutes a violation of ERISA (29 U.S.C. 1102,
14 et seq.) and of the National Labor Relations Act of 1947.

15   8.   Defendant has failed and refused to pay in a timely
16 manner since June 2005.  Pursuant to the terms of the collective
17 bargaining agreement there is now due, owing and unpaid from defendant
18 to the TRUST FUNDS on account number 069-079000 contributions for
19 hours worked by covered employees for the months of July 2006 to
20 present and liquidated damages and interest which are specifically
21 provided for by said agreements.  The total amount due is unknown;
22 additional monthly amounts will become due during the course of this
23 litigation and in the interest of judicial economy, recovery of said
24 sums will be sought in this case.  Interest is due and owing on all
25 principal amounts due and unpaid at the legal rate from the dates on
26 which the principal amounts due accrued.  The total amount due in this
27 paragraph is unknown at this time, except to the defendant.

28   9.   Demand has been made upon said defendant, but defendant

has failed and refused to pay the amounts due the TRUST FUNDS or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 8 above.

10. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreements, and defendant refuses to make such payments in a timely manner.

11. The Trust Funds do not at this time seek to audit the books and records of defendant. The only issue raised in this complaint is defendant's failure to complete and file voluntary monthly reports and pay the contributions due. The Trust Funds seek to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

12. The Trust Agreements provide that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiffs of said attorneys.

WHEREFORE, plaintiffs pray:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment based upon unaudited reporting forms, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys'

fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the terms of the collective bargaining agreement and the Trust Agreements for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUNDS.

3. That the Court reserve plaintiffs' contractual right to audit defendant for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

4. That the Court retain jurisdiction of this cause pending compliance with its orders.

5. For such other and further relief as the Court deems just and proper.

DATED:   May 22, 2007              ERSKINE & TULLEY
                                   A PROFESSIONAL CORPORATION


                                   By:/s/Michael J. Carroll
                                      Michael J. Carroll
                                      Attorneys for Plaintiffs

COMPLAINT
5